IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM JARNIGAN,

                Plaintiff,                      OPINION & ORDER

v.

                                                14-cv-597-jdp

NICOLE JOHNSON, GERI HEIM,
CHARMAIN J. KLYVE, and
JODI TIMMERMAN,

                Defendants.

---

Pro se plaintiff William Jarnigan has submitted a proposed civil action alleging that defendants violated his civil rights by procuring an order from the Rock County juvenile court that restricted his contact with his minor son, T.J.

Plaintiff has paid an initial partial payment of the filing fee as previously directed by the court. Accordingly, the next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff's complaint must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff one opportunity to correct the problems in his complaint.

Plaintiff has also filed two motions: (1) Demand Motion and for Discovery and Inspection, Dkt. 3; and (2) Motion for Assistance in Recruiting Counsel, Dkt. 12. I will deny these motions at this time, but plaintiff will have the opportunity to file any motions relating to discovery or recruitment of counsel at a more appropriate time.

ALLEGATIONS OF FACT

From plaintiff's complaint, Dkt. 5,[1] and its attachments, I can glean the following facts.

Plaintiff has a minor son, T.J., from a former relationship with Darshana Brooks. Plaintiff and Brooks lived together until plaintiff was arrested in late 2010. After that, T.J. lived with Brooks and Brooks's other children. Plaintiff reported incidents of neglect of T.J. by Brooks to Rock County's Human Services Department. Employees of the department investigated the complaints. Plaintiff contends that the investigation was either incompetent or maliciously intended to discredit plaintiff and damage his reputation.

It appears that at some point, the Human Services Department determined that T.J. was in need of protective services, and a proceeding was initiated in Rock County court to determine placement for T.J. This proceeding produced a "Permanency Plan" for T.J. The specific provisions of T.J.'s Permanency Plan are not disclosed, although under Wisconsin law, a Permanency Plan is designed to reunite the child with his family whenever appropriate, or to quickly provide a placement with long-term stability. Wis. Stat. § 48.38(1)(b). Plaintiff contends that T.J.'s Permanency Plan interfered with his parental rights (although he does not specify how).

Defendants Nicole Johnson and Geri Haim were social workers employed by the Rock County Human Services Department. Defendant Charmian Klyve was director of the Human Services Department. Defendant Jodi Timmerman was assistant corporation counsel for Rock County.

---

[1] The originally filed hand-written complaint, Dkt. 1, was unsigned. I will deem the signed version, Dkt. 5, to be the operative pleading. The differences appear to be minor and immaterial. Dkt. 1 will be disregarded, although I will consider the attachments to Dkt. 1.

Plaintiff contends that defendants wrongly imposed the Permanency Plan on him knowing that plaintiff was not the reason that Brooks's children were in need of protective services.

## ANALYSIS

Plaintiff alleges that the Permanency Plan was imposed without due process, thus interfering with his fundamental right to parent T.J., in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. He alleges that defendants Johnson, Haim, and Klyve conspired to violate his rights, thus violating 42 U.S.C. § 1985. He alleges that defendant Timmerman failed to intervene in the deprivation, thus violating 42 U.S.C. § 1986.

As T.J.'s biological father, plaintiff has a fundamental right, protected by the due process clause of the Fourteenth Amendment, to parent T.J. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981). Plaintiff may be deprived of that right only if he is afforded notice and an opportunity to be heard at a meaningful time in a meaningful way. In cases involving the termination of parental rights or the removal of a child from the parental home, this would usually require a hearing. *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982).

I can divine the broad contours of plaintiff's allegations, but the complaint is very murky on details. It is apparent that the Permanency Plan was the result of a proceeding in Rock County, because plaintiff includes a letter to him from Judge R. Alan Bates, who presided over the matter, Rock County case no. 13-jc-128. Dkt. 1-1. Plaintiff does not say whether he was afforded notice of the proceeding or whether he was able to participate. (Although his participation would appear to have been statutorily required.) Nor does plaintiff say how the Permanency Plan restricts his parental rights. Nor does plaintiff say specifically what any of the defendants did to violate his rights.

3

If plaintiff had notice of the proceeding and he was able to participate, I will likely dismiss the complaint under *Ellis v. Hamilton*. In that case, as here, state law provides that a parent aggrieved by a parental rights ruling has ample opportunity to correct an erroneous result. *See* Wis. Stat. § 48.38(5) and (5m) (providing for mandatory permanency plan review and hearings, with notice to parents). "[T]here is no denial of due process if the state provides reasonable remedies for preventing families from being arbitrarily broken up by local domestic relations officers such as the defendants in this case." *Ellis*, 669 F.2d at 515. As the Court of Appeals reasoned in *Ellis*, federal courts are not the right forum to decide custody disputes, and I will be very reluctant to interfere in the decision of the Rock County juvenile court regarding T.J.'s custody or placement. But if plaintiff was completely shut out of the process, and he did not have notice or a meaningful opportunity to be heard concerning his parental rights, he can state a claim under § 1983 for the violation of his rights under the Fourteenth Amendment.

Under Rule 8, plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). To demonstrate liability on a claim under 42 U.S.C. § 1983, plaintiff must allege sufficient facts to show that each defendant personally caused or participated in the alleged constitutional deprivation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

I will give plaintiff a deadline to submit an amended complaint in which he describes how each defendant harmed him. He should draft his complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to understand what each defendant did or failed to do that harmed plaintiff. Someone reading the complaint should be able to answer the following questions:

- How does the Permanency Plan interfere with plaintiff's contact with T.J.?

- How has each defendant interfered with plaintiff's parental rights?

- How was plaintiff prevented from participating in the proceeding involving T.J.?

Plaintiff must set forth these facts in separate, numbered paragraphs, using short and plain statements. Plaintiff must write in plain English.

As to plaintiff's motion for assistance in recruiting counsel, Dkt. 12, a court will seek to recruit counsel for a pro se litigant only when he demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). If the court determines that plaintiff has complied with Rule 8, and the amended complaint passes screening, plaintiff may renew his request for assistance in recruiting counsel and I will evaluate his request then. But I will not attempt to recruit counsel until we get over these preliminary hurdles. Plaintiff's request for documents, Dkt. 3, will also be denied. If we get into a discovery phase, documents and information may be requested directly from defendants at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff William Jarnigan's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until April 30, 2015, to submit a proposed amended complaint addressing the deficiencies in the complaint discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted and assess plaintiff a strike under 28 U.S.C. § 1915(g).

3. Plaintiff Demand Motion and for Discovery and Inspection, Dkt. 3, is DENIED.

5

4. Plaintiff's Motion for Assistance in Recruiting Counsel, Dkt. 12, is DENIED.

Entered March 30, 2015.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge