IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM JARNIGAN,

                Plaintiff,

v.

NICOLE JOHNSON, GERE HEIM,
CHARMAIN J. KLYVE, and
JODI TIMMERMAN,

                Defendants.

OPINION & ORDER

14-cv-597-jdp

---

Pro se plaintiff William Jarnigan, a former Rock County Jail inmate, has filed a motion to amend his complaint. Dkt. 21. I previously reviewed plaintiff's initial complaint, Dkt. 5, which alleged that various Rock County officials conspired against plaintiff and imposed a permanency plan without due process, in violation of the Fourteenth Amendment. Dkt. 15, at 3. I determined that plaintiff's complaint did not state a claim under Federal Rule of Civil Procedure 8 because it lacked critical information, including whether he received notice of the underlying proceedings involving his son, whether he had the opportunity to participate in the proceedings, how the permanency plan restricted plaintiff's rights, and, most critically, what defendants did to violate his rights. I forewarned plaintiff that if he had notice of the proceedings and the opportunity to participate, I would likely dismiss the complaint, as discussed in *Ellis v. Hamilton*, 669 F.2d 510 (7th Cir. 1982). I instructed plaintiff to file an amended complaint describing precisely how each defendant violated his rights.

Plaintiff has filed a motion to amend his complaint with supplemental allegations. Dkt. 21. In an effort to comply with the court's previous order, plaintiff summarily states

that defendants did not notify plaintiff of the underlying proceedings or afford plaintiff the opportunity to be heard. Plaintiff alleges that defendants Johnson and Heim denied plaintiff phone contact with his son and refused to intervene on plaintiff's behalf; that defendants Johnson, Heim, and Klyve "knowingly deprived plaintiff of the right to manage the custody and care" of his son; and that defendant Timmerman conspired with others against plaintiff. Plaintiff also filed supplemental materials, Dkt. 22, in which plaintiff again alleges that defendants conspired to "fabricate a claim of abandonment" and strip plaintiff of his paternal rights.

Plaintiff still has not stated a claim under Rule 8. Although plaintiff has alleged that he did not have the opportunity to participate in the underlying state court proceedings, he does not say how, exactly, the named defendants prevented him from participating. Plaintiff's allegations are still vague. Plaintiff has yet to tell me exactly what several of the defendants did to violate his constitutional rights. I will give plaintiff a second opportunity to amend his complaint and to specifically describe how each defendant violated his Fourteenth Amendment procedural due process rights. Plaintiff should say what each defendant did to interfere with his ability to participate in the underlying Rock County proceedings. Plaintiff should allege how each of the named defendants, during the course of the permanency plan proceedings, violated plaintiff's rights. Plaintiff should tell a complete story about what happened in the state proceedings.

ORDER

IT IS ORDERED that:

1. Plaintiff William Jarnigan's motion to amend his complaint and supplement, Dkt. 21 and Dkt. 22, are DENIED.

2. Plaintiff has until March 1, 2016, to submit a proposed amended complaint addressing the deficiencies discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted and assess plaintiff a strike under 28 U.S.C. § 1915(g).

Entered February 9, 2016.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge