IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM JARNIGAN,

                Plaintiff,

v.                                                                       ORDER

NICOLE JOHNSON, GERE HEIM,                            14-cv-597-jdp
CHARMAIN J. KLYVE, and JODI TIMMERMAN,

                Defendants.

---

Pro se plaintiff William Jarnigan, a former Rock County jail inmate, has filed a response to my February 9, 2016, order. Dkt. 26. This response is plaintiff's most recent—and final—attempt to state a claim upon which relief can be granted.

When I reviewed plaintiff's initial complaint, Dkt. 5, in which he alleged that various Rock County officials conspired against him and imposed a permanency plan without affording him due process, I determined that the complaint did not state a claim pursuant to Federal Rule of Civil Procedure 8. Dkt. 15. It lacked critical information, including whether plaintiff received notice of the underlying proceedings involving his son, whether he had the opportunity to participate in the proceedings, how the permanency plan restricted plaintiff's rights, and, most critically, what the individual defendants did to violate his rights. I forewarned plaintiff that if he received notice of the proceedings and the opportunity to participate, I would probably dismiss the complaint, as discussed in *Ellis v. Hamilton*, 669 F.2d 510 (7th Cir. 1982). I instructed plaintiff to file an amended complaint that described precisely how each defendant violated his rights.

So plaintiff responded by filing a motion to amend his complaint and supplemental allegations. Dkt. 21 and Dkt. 22. In an effort to comply with my instructions, plaintiff

summarily alleged that defendants did not notify plaintiff of the underlying state court proceedings or afford plaintiff the opportunity to be heard. After reviewing plaintiff's supplemental materials, I denied plaintiff's motion to amend for failure to remedy the Rule 8 deficiencies. Plaintiff still did not tell me how the individual defendants were responsible for the alleged due process violation. I instructed him to try again.

Now plaintiff has responded to that order. Dkt. 26. Plaintiff is obviously frustrated that I requested him to amend his complaint to comply with Rule 8 a second time. Plaintiff emphasizes that "[i]t has clearly been stated" that he never received notice of state court proceedings involving his son. *Id.* at 1. Plaintiff references November 2013 "child in need of protection or services" (CHIPS) proceedings and appears to attack the proceedings themselves, contending that "there was no chips jurisdiction here as the petition alleged abandonment only for a period prior to the filing of a petition and order." *Id.* Plaintiff cites to Wisconsin statutes concerning who is authorized to initiate CHIPS proceedings or to file a petition to terminate parental rights. Plaintiff appears to allege that the "corporation counsel"—here, most likely defendant Jodi Timmerman—did not have statutory authority to file a petition for termination of parental rights. Plaintiff generally alleges that "[e]ach of the defendants maliciously used the court . . . to violate Due Process by never contacting plaintiff [about] the CHIPS hearings[.]" *Id.* at 2. I conclude that this most recent submission still does not state a claim upon which relief can be granted.

Plaintiff's main complaint is that he objects to the results of the proceedings in state court. But this court does not have jurisdiction to evaluate the merits of the underlying state court proceedings. *See Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (the *Rooker-Feldman* doctrine established "the fact that lower federal courts do not have jurisdiction to

conduct direct review of state court decisions."). To the extent plaintiff is alleging that the state court judgment(s) or parental rights determination(s) have injured him, or to the extent plaintiff requests that this court review those state court decisions, I do not have jurisdiction to do so, and I will dismiss these claims.

Plaintiff's attempt to raise a federal constitutional issue also falls short. With respect to plaintiff's Fourteenth Amendment due process claim, plaintiff still has not explained how any of the individually named defendants played a direct role in depriving plaintiff of notice or opportunity to be heard. Like his last attempt to state a claim pursuant to Rule 8, plaintiff summarily alleges that defendants, collectively, did not notify plaintiff of the CHIPS proceedings or afford plaintiff the opportunity to be heard. In my February 9, 2016, order, I specifically instructed plaintiff to "say how, exactly, the named defendants prevented him from participating." Dkt. 24, at 2. I told him to:

> specifically describe how each defendant violated his Fourteenth Amendment procedural due process rights. Plaintiff should say what each defendant did to interfere with his ability to participate in the underlying Rock County proceedings. Plaintiff should allege how each of the named defendants, during the course of the permanency plan proceedings, violated plaintiff's rights. Plaintiff should tell a complete story about what happened in the state proceedings.

*Id.* Plaintiff's response to that order does none of these things. He does not even so much as mention any of the individual defendants by name.

I have afforded plaintiff two opportunities to amend his complaint to state a claim pursuant to Rule 8. But plaintiff has not been able to articulate a claim over which this court has the authority to assert jurisdiction. I must dismiss plaintiff's case for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff William Jarnigan's response to the court's February 9, 2016, order, Dkt. 26, failed to address the Rule 8 deficiencies the court identified. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's case is DISMISSED, and the court will assess plaintiff a strike under 28 U.S.C. § 1915(g).

Entered June 1, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge